Our third case for this morning is Wright v. Calumet City, Mr. Flaxman. May it please the court, this case is about Calumet City's routine violation of the Fourth Amendment. County of Riverside v. McLaughlin sets a firm 48-hour limit for providing a probable cause hearing. I want to talk about, please, the Rule 68 offer of judgment. Sure. Which provided for a judgment against the defendant of $5,000 to the plaintiff. Not just for the claims brought in the lawsuit, but it seems to me quite a bit more expansively for all claims brought under this lawsuit. So why shouldn't the all claims language be read according to its plain meaning, which is to include all claims, including the class certification claims? The reason is that at the time Mr. Wright accepted the offer, the class claim for injunctive relief didn't exist. That claim for injunctive relief can only exist if a class is certified. And because it's this inherently transitory claim, the only way to get that relief, because his individual claim for injunctive relief had become moot the day after the case was filed, the only way to get the relief is through the class claim. So there wasn't a class claim existing, there wasn't a claim for injunctive relief existing for him to compromise. But the offer of judgment didn't exempt a class certification issue. It didn't contain any agreement by the defendant not to contest an appeal of the issue. I do not understand how Mr. Wright is in a grief party and can pursue an appeal under that situation. Mr. Wright could pursue an appeal under the exception that's recognized in Garrity, that's recognized in County of Riverside and Gerstein for representing a class bringing an inherently transitory claim where the claim of the individual for injunctive relief has been mooted by the time class certification is sought. And I understand the court's concern that the Rule 68 offer does not say the words, the effect of reserving the appeal of class certification. All it says about class certification is that fees for pursuing a class are not covered. But you know, in the Roper-Garrity line of cases, there have been many other cases, you have different situations. You have situations where somebody's, kind of a Gerstein-like thing, where somebody's claim becomes moot because it's one of those capable of repetition yet abating review sorts of claims. It's a very short time and then life is moved on. But the cases in which the proposed class representative chooses to settle his claim are somewhat different. And if the class has never been certified, then it's not clear there is a class out there. I mean, you don't have even the assurances that the other criteria of Rule 23 have been satisfied. So I was concerned as well about the implications of the fact that the only proffered named plaintiff chooses to settle this claim before certification. Well, he chose to settle the claim after certification had been denied. Well, in other words, there's no certification. There's no entity called the class, which if you then have the class named representative's claim moot out, there's the class itself as an entity. It's understood to continue. Other people can intervene. You know, different things can happen. Well, there's two points that I want to make in response to that. The first is that that's what I'm relying on, that because there was no class entity, he wasn't able to compromise this claim. But the second point is that – But who are you representing then? There is no certified class. There's no person, according to what you just said, who has any relationship to a certified class because he carved himself off when he decided to accept the Rule 68 offer. There's just this little bit cryptic language in the offer, excluding attorney's fees and costs accrued concerning pursuing it as a class action. I'm not sure what to make of that. But then at the same time, you have the all claims action. I'm just not sure that as we now have this, we've got something we can get our hands around. Well, what I'll say is that I think we may not be talking enough about the distinction between B2 classes and B3 classes. Well, that shouldn't matter, actually, because either kind of class requires, of course, satisfying all four parts of 23A. I know that he's resolved whatever money may be involved with the B3 point, but I don't see any reservation in the settlement that we're agreeing that you can pursue an injunction against us. There'd be all sorts of merits issues I could foresee with such a claim. Well, he can't pursue an injunction. I know he can't. As an individual, he has no right to get an injunction. Because there's no reason to think he's ever going to be in this position again. That's right. His claim is too speculative. And the mere prospect of future arrestees, that can't possibly satisfy the numerosity requirement. Well, I mean, I absolutely disagree with that. And I think that the court's language in Gerstein is exactly the opposite. Well, if we were to allow such an allegation to satisfy class certification requirements, any plaintiff could meet that burden by alleging that the allegedly unlawful action will continue in the future, yielding future victims. But the court wouldn't rely on those allegations. In this case, the evidence shows about once per month somebody is held over 48 hours. And Calumet City has never come forward with a policy or with an argument, no, we don't do this. Well, but, you know, I mean, I have a problem with this 30 or 29, I guess, without him, or 30-ish number. Because, first of all, I don't know what the denominator is. I don't know, you know, maybe it's 12 a year over X. You know, how many people could Calumet City arrest in the course of a year? I mean, it's not the smallest place. And how many years in the future? You would always have numerosity satisfied, under your view, because you could just wait enough months, you know, wait 50 months, and then you'd be fine. Numerosity is not a consideration of a high number. What the rule says is so numerous that joinder is impracticable. And where we know that there will be people in the future, it's not just an allegation. We know it from the evidence. Joining these unknown people is impracticable. They might not just stop after this case. They might not want to pay $5,000 to the next Mr. Wright. Well, they could do that, but they haven't. They haven't told us that they have an order to comply with the law. You know, you mentioned the 29. You may hear from defense counsel they actually located a few more in another case that they're working on. What we have, the other point about why it's impracticable to join is that only somebody who files the case, while he is under the unconstitutional policy that we're challenging here, is going to have the right to seek injunctive relief for a class. We're never going to get to court soon enough for somebody to get injunctive relief for himself. But it's going to have to be somebody who files it within the few hours when it's being violated. And it's very hard to imagine somebody else is going to file that and be able to be joined in the case. It's hard to imagine somebody else will be able to file that and file a new class action. And that's why the only way to remedy this unconstitutional policy is for Mr. Wright to be able to continue as the class representative. The final point I'll add is looking at what was intended in the Rule 68 offer, the plaintiff relied on this pastor case that we've cited, which says a plaintiff can accept a Rule 68 offer and appeal. The defendants agreed with that interpretation of that. It wasn't until responding to the court's order for supplemental briefing that the defendant said, oh, no, wait, we didn't mean for you to appeal. So there was never an intent or a belief that they were buying peace to this Rule 68 offer. Both parties understood it as allowing this appeal. Okay, thank you, Mr. Fleisman. Mr. Hayes. Good morning. May it please the court, Michael Hayes for Calumet City. There is no case or controversy here anymore. And respectfully, this case should be dismissed for lack of jurisdiction. Is the amount of settlement indicative as to whether it was meant to settle only the claim on the merits as opposed to the class certification issue as well? And were attorney's fees available to the plaintiff separate from the $5,000? As a Section 1983 claim, which is the vehicle for bringing a Gerstein claim, there would be the fee shifting. So they could be entitled to attorney's fees depending on the amount and so forth in the procedural history of the case when you get to the point of a judgment. So the offer, as it states, did intend to reasonably compensate the plaintiff for his attorney's fees and costs. Now, we didn't know how much fees the plaintiff's attorneys had into the case at that point. And we didn't know if they tried to contact other potential plaintiffs. But we did intend, as it states in the Rule 68 offer, to reasonably compensate the plaintiff for his damages to the extent that he could claim some and a reasonable measure of attorney's fees and costs. And it does say all claims. So the intent was to resolve the entire dispute. And it was accepted without qualification. Plaintiff's attorney, just now, as he did in his briefs, relies heavily on the pastor case. And as I stand here, I will admit that when we did our initial response brief, we thought pastor was a roadblock. Pastor deals with jurisdiction in three or four sentences without a lot of facts there. And if you just read those three or four sentences, it sounds like our case. And that the jurisdiction is there. We thought that way initially. Luckily, the court, and the court can do the sua sponte, you never waive jurisdiction issues. He asked for supplemental briefing. We dug a little deeper on pastor, and we attached the offer and acceptance from that case to our supplemental filing. In that case, it's clear that the parties contemplated that the agreement to settle was going to be a vehicle to appeal the lack of certification of the class. They carved out or reserved the right to appeal the class certification denial, specifically in the offer and judgment in the pastor case. And in that case, I think that gets to the point of the amount of settlement. They agreed to settle for $10. We agreed to settle for $5,000. So I think that's an indication that pastor jurisdiction wasn't an issue in that case. And it's certainly not a criticism of Judge Posner in not fleshing that out fully. It just wasn't an issue. So the Moreau versus Target case is really much more on point and controlling here. So I wanted to push you a little bit on the numerosity point because it is the case that actually if you go all the way back in the history of class actions, one of the things they're useful for is when you know that there are a lot of people out there, you don't necessarily know who they are, but there's a general practice at issue that could be addressed and probably should be addressed by means of injunctive relief. So why isn't it enough to introduce evidence, whether it's about how many schoolchildren or how many people who drive down Michigan Avenue every day or something? You know there are a lot of them. And so they've introduced concrete evidence showing that the number of people in what they allege to be a Riverside violation, put that a little bit to one side, but their allegation is approximately one a month. And so it doesn't take an arithmetic genius to figure out that pretty soon you're getting a pretty substantial number of people, even if the denominator is huge. I mean, I don't know how many people get arrested in Calumet City every year. Do you know that number? I don't know offhand, but I know it's hundreds if not into the thousands. Right. So one a month or 12 a year over hundreds is maybe not the biggest number, but they have constitutional rights too, you know, and they shouldn't be kept longer than the 48 hours that Riverside gives unless one of the Riverside exceptions applies. Riverside is not, as we certainly can assure you we know, a hard and fast rule. But why is numerosity the problem since there are going to be a whole set of injunctive relief type cases where you don't sit down and count noses. The whole point is the noses can't be counted. Well, you know, in the district court in this case felt that the class wasn't well defined, so it didn't qualify as a B2 class. Well, that's a different reason altogether than numerosity. You might say, okay, we'll grant you that there are going to be a lot of people over time, but. Well, it's speculative. I mean, you're relying on more people committing crimes or being arrested for crimes, and not only that, but that they're then held for more than 48 hours. So Judge Bauer is going to tell us that over the course of his career he hasn't run out of people who commit crimes. We can always hope that they stop, but I understand. But even if you go by the back of the envelope math that the plaintiff's counsel has used to come up with, I think, 0.9 persons a month was their calculation. There's a two-year statute of limitations on a Gerstein claim. So using their math and using the statute of limitations, you're looking at every two years potentially 23, 24 people being potentially part of a class or having their rights violated. Meanwhile, hundreds have not. So I'll tell you, if we actually do have proper appellate jurisdiction here, and that's a big if, but if we do, what worries me more sort of on your side or in favor of your side is whether it's possible to assess whether any given person's Riverside rights have been violated without looking at that individual's situation and seeing if this was one of those cases where longer was okay or whether it's in the general run of cases where it isn't. Well, as you mentioned, it's meant to be a flexible standard in Gerstein and County of Riverside. And in those cases, the plaintiff certainly relied on those. There was a statutory scheme where arrestees weren't even allowed a probable cause hearing. So here's a different case where you have arrestees, I guess we're assuming the vast majority get that hearing within 48 hours, and maybe 0.9 persons per month haven't, at least in the two-and-a-half-year period that some discovery was allowed. Do you think we should require and express, as opposed to implied, extinction of the class certification claim in an offer of judgment? Should that be required? I think the Wrightsell case had language like that, but this had all claims. So you certainly could require that. I don't think it's necessary. I don't think it's controlling. I think our language here was all-encompassing, and the acceptance was unqualified, just as important. So it's a 180 from the Pastor case, which is what they're hinging their argument on in terms of jurisdiction. So no, I don't think that kind of language is necessary. I think you look at what you have in front of you, and here it's all claims. Why would it hurt Calumet City to have an injunction in place that said, roughly, all arrestees have to have a determination within 48 hours unless the supervising court makes an express finding for one of the two Riverside exceptions? Something like that is why we run the Speedy Trial Act. We have a speedy trial time clock, but if the judge is going to extend it, the judge has got to put on the record why it's extendable. The law is out there. I think it's well-defined now. At the time, again, of Gerstein and County of Riverside, the Supreme Court was still kind of crafting what this right was supposed to look like, and it's supposed to be flexible. But there are only two exceptions. It's not all that flexible, and I don't see the flexibility being consciously exercised here, at least in Mr. Wright's case. The question came up before that there's any number of reasons why a particular arrestee, their situations are all unique and different, why they might not have gotten over to the Markham Courthouse for a probable cause hearing in 48 hours. And I wish I could say that it never happens, but it's rare. It's rare. So the law is out there. Is it necessary to have an injunction to require Calumet City to comply with the law? They're aware of the law. And again, regrettably, once in a while it happens, someone is not over 48 hours, but it's the burden on the city then to explain that, either to a federal court or perhaps to the criminal court, to why that didn't happen. And each person has a vehicle for trying to invoke their rights in an individual lawsuit. District Court in this case didn't say you could never have an injunction that involves these types of persons, but they said in this case, you just haven't met the elements. You haven't met the criteria. You haven't given me a well-defined class or proposed class. So we're not saying it could never happen, but this isn't the case. This isn't the case. And these 24 people that we're aware of or 30 people can file their own lawsuits. There could be joinder. There's other procedures other than a class action. And that's what the district court said within his discretion. Class is not appropriate in this case based on the submissions. It's more than a pleading standard. Thank you very much. Thank you. Anything further, Mr. Flaxman? I think you had about a minute, but I'll let you slip over a little bit. I just wanted to push back a little bit on saying that one a month is not a big deal. We've attached the CPD policy where the city of Chicago has a hard and fast rule of not holding past 48. If the city of Chicago can do it, I think Calumet City can do it, too. The other thing is this question about who the aggrieved person is. The aggrieved people are the unknown as yet members of the class who will come in the future. The opposing counsel is saying there is a way for these people in the past to get relief. Well, we're not here on their behalf. We're here on behalf of people who an injunction forcing Calumet City to finally follow the law would benefit them. But that makes you a lawyer with no client, doesn't it? I mean, just sort of this person out there. And I think that's recognized by the Garrity case and it's recognized by Kirsten's neighbor. Well, somebody new had to come in and intervene, even at Garrity. The court didn't just let the lawyers run the rest of the litigation without any client. Well, there can't be somebody to come in unless somebody is able to file a case while he's being held. No, I understand what the problem is. And that's why there's no other way to remedy this violation that we brought the case against. Thank you. Okay, thank you very much. Thanks to both counsel. We'll take the case under advisement.